UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELLY S. JONES, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:21-CV-176-TLS |
| MARTIN J. O'MALLEY, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [ECF No. 29], filed on October 18, 2024. The Commissioner does not object to the motion. ECF No. 32. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

On March 8, 2018, the Plaintiff filed an application for supplemental security income, alleging disability beginning on November 2, 2017. AR 387, ECF No. 12. The Plaintiff filed a Complaint in this case, and the Court reversed and remanded for further proceedings. ECF No. 23. On May 31, 2022, the Court awarded the Plaintiff's attorney EAJA fees in the amount of $7,550.00. ECF No. 28. Ultimately, the Social Security Administration awarded the Plaintiff past-due benefits, twenty-five percent of which is $10,486.75. *See* Important Information, ECF No. 29-3.

In the instant motion, the Plaintiff's attorney requests an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $10,486.75. Aff. ¶ 7, ECF No. 29-1. In the retainer agreement, the Plaintiff agreed to pay counsel twenty-five percent of all past-due benefits for the work in federal court. *See* Fee Agreement, ECF No. 29-2. Counsel represents that, if fees are awarded

under § 406(b), counsel will refund to the Plaintiff the $7,550.00 in EAJA fees previously awarded. *See* Aff. ¶ 8.

## ANALYSIS

The Plaintiff's counsel, subject to refunding $7,550.00 in EAJA fees, requests $10,486.75 in attorney's fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

In this case, the requested amount in attorney's fees is consistent with the contingency agreement, and counsel will refund the $7,550.00 in EAJA fees to the Plaintiff. Counsel represents that 34.6 attorney hours and 7.6 paralegal hours (at an hourly rate of $100) were spent in federal court on this case, resulting in an effective hourly rate of $281 for the attorney work.

*See* Aff. ¶ 10. This hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Osmun v. Comm'r of Soc. Sec.*, No. 1:16-CV-273, 2020 WL 7334271, at *3 (N.D. Ind. Dec. 14, 2020) (effective hourly rate of $525); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff in the past-due benefits award as well as future benefits. The Court discerns no basis to reduce the amount. *See Arnold*, 106 F.4th at 601.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [ECF No. 29], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the amount of $10,486.75. The Court ORDERS the Plaintiff's attorney to refund to the Plaintiff the $7,550.00 in EAJA fees previously awarded in this case.

SO ORDERED on November 1, 2024.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT